UNITED STATES DISTRICT COURT    01cv1569rrul
DISTRICT OF CONNECTICUT

WALTRINA WHITMAN,            :
              Plaintiff     :
                            :
    v.                      :  Case No.  3:01CV1569 (AHN)
                            :
SOCIAL SECURITY ADMINISTRATION, :
              Defendant.    :

**RECOMMENDED RULING ON MOTION TO APPEAL**

I.   INTRODUCTION

_____Plaintiff commenced this action, pro se, on March 20, 2001,
and filed her amended complaint on August 17, 2001, when her
motion to proceed in forma pauperis was granted by Judge
Martinez.  Defendant moved to dismiss for lack of subject matter
jurisdiction on June 7, 2002 [doc. # 20], which plaintiff opposed
on June 25, 2002 [doc. # 22 and doc. # 23].  On October 29, 2002,
the undersigned issued a Recommended Ruling [doc. # 25] granting
defendant's motion to dismiss.  Objections to this Recommended
Ruling were due on or before November 16, 2002.  On November 14,
2002, plaintiff filed an Objection to the Recommended Ruling.  On
November 20, 2002, the Recommended Ruling was affirmed and
adopted by Judge Nevas.  On November 25, 2002, judgement was
entered for the defendant, and the case was closed.  Three and a
half years later, plaintiff filed this motion to appeal.  For the
reasons stated, plaintiff's motion to appeal [doc. # 28] is
**DENIED.**

II.  <u>FACTS</u>

Plaintiff first applied for disability and disability insurance benefits on December 17, 1981.  That application was denied initially, upon reconsideration, and following a hearing before an Administrative Law Judge ("ALJ") on October 19, 1982. Plaintiff requested review from the Appeals Council, but that request was denied on March 31, 1983.

Plaintiff again applied for disability benefits on April 21, 1983, and that application was also denied initially and upon reconsideration.  Plaintiff requested a hearing and was again found not disabled in an ALJ decision dated May 3, 1984.  The Appeals Council then denied plaintiff's request for review of that decision on June 23, 1984.  Plaintiff took no further action on that claim.

On September 24, 1984, plaintiff filed another application for a period of disability and disability insurance benefits, which was ultimately denied in a July 1987 ALJ decision.  The Appeals Council denied plaintiff's request for review of that decision on December 10, 1987.  This court affirmed the final decision of the Commissioner by decision dated May 2, 1990, and plaintiff did not appeal to the Court of Appeals.

On October 20, 1994, plaintiff applied for Supplemental Security Income ("SSI") benefits.  That claim was denied. Plaintiff then filed a second application for SSI benefits on November 27, 1995.  That claim was denied initially and upon reconsideration.  Plaintiff then requested a hearing, after which

2

the ALJ found plaintiff disabled beginning January 6, 1993.[1]  In
that same decision, the ALJ also considered plaintiff's request
to reopen the prior determinations concerning plaintiff's claim
for Disability Insurance Benefits.  After a lengthy analysis, the
ALJ concluded that the question of Disability Insurance Benefits
was "res judicata[2] and w[ould] not be disturbed."  See Def.'s
Memo in Support of Motion to Dismiss, Ex. 8, at p. 2.  The ALJ
found no basis for reopening plaintiff's request for Disability
Insurance Benefits.[3]

Plaintiff filed another application for Disability Insurance

---

[1] Plaintiff's entitlement to SSI benefits is unrelated to
plaintiff's request for disability benefits.

[2] The term "res judicata" means that an issue has already
been determined and/or resolved by a court or administrative
agency.  The doctrine of res judicata prevents a plaintiff from
attempting to re-litigate an issue already decided.

[3] In his decision, the ALJ discussed plaintiff's reliance on
a Magistrate Judge's Recommended Ruling dated March 23, 1990.
Plaintiff argued then, and continues to argue, that the District
Court found plaintiff disabled.  However, as the ALJ attempted to
explain to plaintiff, the March 23, 1990 decision was a
"Recommended Ruling."  When a Magistrate Judge issues a decision
that would dispose of a case, and the parties have not consented
to the Magistrate Judge's jurisdiction, the Magistrate Judge must
issue a "Recommended Ruling."  The District Court Judge to whom
the case is assigned may either accept the Magistrate Judge's
recommendation, or may disregard it and issue his/her own
decision.  In 1990, District Judge Dorsey chose not to accept
Magistrate Judge Margolis' Recommended Ruling (which was in
plaintiff's favor), and instead upheld the denial of plaintiff's
Disability Insurance Benefits.  At that point, the Magistrate
Judge's Recommended Ruling became irrelevant, and had no force of
law.  Only Judge Dorsey's decision to affirm the denial of
benefits has any effect.  Plaintiff must disregard the Magistrate
Judge's March 23, 1990 recommendation.  The District Court has
never determined that plaintiff was disabled.  The District Court
(Judge Dorsey) determined that plaintiff was not disabled.

Benefits on September 23, 1998.  The application was denied initially and upon reconsideration.  On February 9, 1999, plaintiff requested a hearing.  The request was denied on April 21, 1999, because the doctrine of res judicata was found to apply to the issue of whether Disability Insurance Benefits should be awarded.[4]  On June 14, 1999, plaintiff requested review of the April 21, 1999 decision.  On June 29, 2000, the Appeals Council denied plaintiff's request for review.

On October 1, 2001, plaintiff filed this civil action seeking a review of the denial of her request for a hearing regarding Disability Insurance Benefits.  On June 7, 2002, defendant moved to dismiss for lack of subject matter jurisdiction.  On October 29, 2002, the Court found that the Commissioner's decision to deny a request to reopen a prior claim was not a "final decision" pursuant to 20 C.F.R. §§ 404.900(a), 416.1400(a), 404.903(l), 416.1403(a)(5).  Whitman v. HHS, et al, No. 01Cv1569 (D. Conn. Oct. 29, 2002).  Because the denial of a request to reopen was not found to be a "final decision," the Court held that the Commissioner's decision was not subject to judicial review.  Id.  Plaintiff's case was dismissed.

Plaintiff has now, three and a half years later, filed a motion to appeal the finding that this Court lacked subject

_____

[4] Again, it was res judicata because it involved the same rights and issues that plaintiff asserted in her previous requests, which were finally decided in Judge Dorsey's May 2, 1990 decision.  That decision became final because plaintiff did not appeal it to the Court of Appeals.

4

matter jurisdiction.  Plaintiff claims that "justice was not
served" when a hearing was not granted and disability benefits
were not awarded back to May 13, 1980, the day plaintiff alleges
she became disabled.  Plaintiff does not provide any
explanation(s) as to why she waited three and a half years to
file this motion to appeal.

III. Discussion

      The Federal Rules of Appellate Procedure govern the appeal
of a case from the district court.  Rule 4(a) provides that,

          in a civil case in which an appeal is permitted ... the
          notice of appeal required by Rule 3 must be filed with
          the clerk of the district court within 30 days after
          the date of entry of the judgment or order appealed
          from.

Fed. R. App. P. 4(a).  This time limit is "mandatory and
jurisdictional."  Griggs v. Provident, 459 U.S. 56, 61 (1982)
(internal quotations omitted).  When a party fails to conform
with the time limitations proscribed in Rule 4(a), the district
court "has limited authority to grant him an additional period in
which to file the notice."  Phillips v. Merchants Ins. Group,
Nos. 98-7908L, 98-7912, 1999 WL 278526 (2d Cir. May 4, 1999).
Rule 4(a)(5) allows for an extension of the thirty day limit set
forth in Rule 4(a) if the party shows "excusable neglect or good
cause".  Fed. R. App. P. 4(a)(5).  In Pioneer Investment Services
Company v. Brunswick Associates Limited Partnership, the Supreme
Court listed factors to be considered when determining whether

5

"excusable neglect" exists.  507 U.S. 380, 395 (1993).  These
factors include:

> (1) the danger of prejudice to the debtor; (2) the
> length of the delay and its potential impact on the
> proceedings; (3) the reason for the delay; (4) whether
> the delay was within the reasonable control of the late
> party; and (5) whether the late party acted in good
> faith.

Id.  Although Pioneer was a bankruptcy case, the circuit courts
have applied this standard to Fed. R. App. P. 4.  United States
v. Hooper, 43 F.3d 26 (2d Cir. 1994); Sillivanch v. Celebrity
Cruises, Inc., 333 F.3d 355, 365-66 (2d Cir. 2003).

Here, plaintiff did not file a notice of appeal within
thirty days as required by Fed. R. App. P. 4(a).  In fact,
plaintiff waited approximately three and a half years to file a
motion to file an appeal.  In her motion, plaintiff fails to
state why she did not comply with the Federal Rules of Appellate
Procedure and has not claimed "excusable neglect" or "good
cause."

Even though plaintiff failed to allege excusable neglect,
the Court finds it important to note that "inadvertence,
ignorance of the rules, or mistakes construing the rules do not
usually constitute 'excusable neglect.'"  Pioneer, 507 U.S. at
394.  "Even a *pro se* litigant cannot show excusable neglect by
establishing that she was unfamiliar with the appellate process
or its deadlines."  Ottaviano v. Pratt & Whitney Div. of United
Tech., 00CV0536, 2002 WL 32002679 (D. Conn. Sept. 6, 2002).

IV.  <u>Conclusion</u>

_____For these reasons, the Court finds that plaintiff's motion to file an appeal is untimely and finds that neither excusable neglect nor good cause exists.  Plaintiff's motion to appeal [doc. #28] is **DENIED.**


This decision is a Recommended Ruling, and only becomes final and binding if the United States District Judge, Judge Nevas, affirms and adopts it.  If plaintiff wants to seek review of this Recommended Ruling, she must timely object to it.  Any objections to this Recommended Ruling must be filed with the Clerk of the Court within ten (10) days of the receipt of this order.  Failure to object within ten (10) days may preclude appellate review. <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72 of the Local Rules for United States Magistrates; <u>Small v. Secretary of H.H.S.,</u> 892 F.2d 15 (2d Cir. 1989)(per curiam); <u>F.D.I.C. v. Hillcrest Assoc.,</u> 66 F.3d 566, 569 (2d Cir. 1995).


SO ORDERED this 15th day of September, 2006, at Bridgeport, Connecticut.


_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

7

8