```
          UNITED STATES DISTRICT COURT
            DISTRICT OF CONNECTICUT
```

|  |  |  |
|---|---|---|
| WALTRINA WHITMAN | : | |
| | : | |
| v. | : | Civ. No. 3:01cv1569(AHN) |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION | : | |

## RULING ON MOTION TO APPEAL

Now pending before the court is Waltrina Whitman's[1] ("Whitman") pro se motion to appeal [doc. # 35] the denial of her social security benefits.  For the reasons given below, the court construes Whitman's motion as a motion seeking relief from judgment or order under Fed. R. Civ. P. 60(b), and after consideration, denies that motion.

## PROCEDURAL HISTORY

Whitman filed this action to obtain judicial review of the Social Security Administration's denial of her request for a hearing regarding disability insurance benefits.  The court referred the case to Magistrate Judge Fitzsimmons, who issued a recommendation that her action be dismissed.  Magistrate Judge Fitzsimmons concluded that the district court lacked subject matter jurisdiction over Whitman's case because the decision by the Social Security Administration was not a final decision subject to judicial review, as defined by the regulations of the

---

[1] Whitman also refers to herself as Walterina Allen and Waltrina Whitman-Allen.

Social Security Administration.  The court adopted and ratified Magistrate Judge Fitzsimmons's ruling on November 20, 2002, and the Clerk entered judgment accordingly on November 25, 2002. Whitman did not appeal this court's dismissal of her case to the Second Circuit Court of Appeals within the time set by Fed. R. App. P. 4(a).  Instead, more than three and a half years later, Whitman filed a motion to appeal in which she sought leave to reopen the time to file an appeal.  Magistrate Judge Fitzsimmons issued a recommendation that the motion to appeal be denied because Whitman failed to demonstrate "excusable neglect or good cause" for her delay in filing an appeal.  Thereafter, the court ratified and adopted Magistrate Judge Fitzsimmons's ruling.  On February 9, 2007, Whitman filed the present motion to appeal.

## DISCUSSION

Whitman's pro se motion does not clearly state the relief she requests.  The court is nevertheless mindful of its duty to construe her pleadings to do "substantial justice."  Fed. R. Civ. P. 8(f); see Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court construed Whitman's first motion to appeal as a request to reopen the time in which she could appeal the 2002 dismissal of her action to the Second Circuit Court of Appeals.  Because the court has already heard and denied that first motion, the court construes this second motion to appeal as a motion for relief from this court's previous order pursuant to Fed. R. Civ. P.

60(b). So construed, Whitman's pending motion requests the court to reconsider its previous order denying her motion to appeal and to reset the deadlines for her to file an appeal.[2] See, e.g., Lewis v. Alexander, 987 F.2d 392 (6th Cir. 1993); Horsey v. Bysiewicz, No. Civ. A. 3:99 CV 2250 S, 2004 WL 2677185, at *2 (D. Conn. Nov. 23, 2004).

Rule 60(b) permits the court to provide relief from a judgment or order for "excusable neglect" or "for any other reason." Excusable neglect is an "elastic concept." Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 392 (1993). The relevant inquiries in evaluating excusable neglect include "the danger of prejudice to the [non-movant], the length

---

[2] A letter submitted by Whitman's treating medical professional passingly mentions that Whitman is filing this motion to appeal in reference to a Social Security Notice of Award that she received in either 2003 or 2004. The letter explains that Whitman failed to respond to the award in the time allowed because she was attending to her own ailments, as well as her daughter's surgery. To the extent Whitman seeks relief related to the Social Security Notice of Award described in the letter, the court emphasizes that it cannot provide any relief related to that notice of award because that issue is beyond the scope of this case. This action, which Whitman filed in 2001, only involves her request for judicial review of the Social Security Administration's 1999 denial of her request for a hearing regarding disability insurance benefits. The court denied the request and dismissed her case in 2002. The only issue that is presently before the court in this case is whether Whitman should now be allowed to file an appeal of the court's 2002 decision. Whatever claims Whitman may have with regard to any subsequent action or decision of the Social Security Administration, i.e., any claims or issues related to the notice of award, are beyond the purview of this case and are not properly before the court.

of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395 (discussing factors in reference to a bankruptcy rule); accord Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 367-68 (2d Cir. 2003) (applying Pioneer factors to Rule 60(b)).  The Second Circuit focuses most heavily on the third factor: the movant's reason for the delay.  E.g., Ojomo v. KRA Corp., No. 3:03-CV-0907, 2005 WL 1176569, at *2 (N.D.N.Y. May 11, 2005).  The Second Circuit has adopted a "hard line" approach to the issue of whether neglect is excusable:

> We . . . have considerable sympathy for those who, through mistakes - counsel's inadvertence or their own - lose substantial rights in that way. . . . But the legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced - where every missed deadline was the occasion for the embarkation on extensive trial and appellate litigation to determine the equities of enforcing the bar.

Silivanch, 333 F.3d at 367-68.  Moreover, the Second Circuit has stressed that where a particular rule of procedure "is entirely clear, [the Second Circuit] continue[s] to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 250-51 (2d Cir. 1997).  The rule of procedure at issue here is entirely clear: Fed. R. App. P. 4 unambiguously requires a petitioner to file a notice of appeal with the

district clerk "within 30 days after the judgment or order is entered."

Despite this rule's clarity, Whitman claims that two circumstances beyond her control excuse her failure to appeal within the deadline.  First, Whitman explains that her daughter underwent surgery for a life-threatening condition in the spring of 2003, which required Whitman's full attention.  Second, Whitman confesses that since 2000 she has been suffering from various ailments, including depression, that prevented her from attending to the deadlines for filing an appeal.

While the court appreciates the seriousness of the problems described by Whitman and her treating medical professional, neither of those two circumstances constitute excusable neglect. First, the court cannot find that her daughter's surgery excuses her neglect to timely file an appeal because it occurred at least three months after the deadline to appeal had lapsed. Specifically, the Clerk entered judgment on November 25, 2002. Pursuant to Fed. R. App. P. 4(a), Whitman was required to file a notice of appeal within 30 days of that judgment, or by December 26, 2002.  Whitman admits that her daughter did not have surgery until the spring of 2003, at least three months after the deadline for filing an appeal.  Second, the court cannot reasonably find that Whitman's ailments constitute excusable neglect because Whitman actively litigated her case before this

court during the period that she now claims she was "too ill" and "could [n]ot comprehend based on her state of mind at that time."[3]  For these reasons, Whitman has not established excusable neglect.  Because Whitman has not provided the court with any other reason for her failure to appeal, the court will not disturb its previous order.

## CONCLUSION

For the foregoing reasons, the court DENIES Whitman's Motion to Appeal [doc. # 35].

SO ORDERED this 8th day of March, 2007 at Bridgeport, Connecticut.

```
                    /s/
          Alan H. Nevas
          United States District Judge
```

---

[3] Further, the Second Circuit has stated in dicta that a district court should not use Rule 60(b) to reopen the time to file an appeal unless the movant meets a more "stringent standard," i.e., she goes "beyond the requirement of excusable neglect and make[s] an additional showing of diligent effort . . . to ascertain the status of the case." Mennen Co. v. Gillette Co., 719 F.2d 568, 570 n. 5 (2d Cir. 1983).  Therefore, even if Whitman had demonstrated excusable neglect, the court would not reconsider its previous order because Whitman has not "show[n] an affirmative if ultimately fruitless effort to track the progress of [her] litigation."  Id.