UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WALTRINA WHITMAN | : | |
| | : | |
| v. | : | Civ. No. 3:01cv1569(AHN) |
| | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION | : | |

RULING ON MOTION TO RECOMMEND

Now pending before the court is Waltrina Whitman's[1]
("Whitman") pro se "Motion to Recommend" [doc. # 37].  For the
reasons given below, the court construes Whitman's motion as a
second motion seeking relief from judgment or order under Fed. R.
Civ. P. 60(b), and after consideration, denies that motion.

Whitman filed this action to obtain judicial review of the
Social Security Administration's 1999 denial of her request for a
hearing regarding disability insurance benefits.  The court
referred the case to Magistrate Judge Fitzsimmons, who issued a
recommendation that Whitman's action be dismissed for lack of
subject matter jurisdiction because the decision by the Social
Security Administration was not a final decision subject to
judicial review, as defined by the regulations of the Social
Security Administration.  This court adopted and ratified
Magistrate Judge Fitzsimmons's ruling, and the Clerk entered
judgment accordingly on November 25, 2002.

---

[1]  Whitman also refers to herself as Walterina Allen and
Waltrina Whitman-Allen.

Whitman did not appeal this court's dismissal of her case to the Second Circuit Court of Appeals within the time required by Fed. R. App. P. 4(a).  Instead, more than three and a half years later, Whitman filed a motion to appeal in which she sought leave to reopen the time to file an appeal.  Magistrate Judge Fitzsimmons, who again addressed Whitman's motion, issued a recommendation that the motion to appeal be denied because (1) Whitman did not move to extend the time to file an appeal within thirty days after the time prescribed in Fed. R. App. P. 4(a); and (2) in any event, Whitman failed to demonstrate "excusable neglect or good cause" for her delay in filing an appeal. Thereafter, the court ratified and adopted Magistrate Judge Fitzsimmons's ruling.

On February 9, 2007, Whitman filed a second motion to appeal.  The court construed the motion as one brought pursuant to Fed. R. Civ. P. 60(b) and denied that motion for the reasons previously given.  Now Whitman has filed another motion – this one entitled a "Motion to Recommend" – which generally asks the court for relief because "[j]ustice was not served."

The court is well aware of its duty to construe Whitman's motion to do "substantial justice," see Fed. R. Civ. P. 8, but so doing, the court must reach the same conclusion: it cannot reopen

the time to file an appeal under Fed. R. App. P. 4(a).[2]  Whitman
moved to reopen the time to file an appeal approximately three
and one half years after judgment entered dismissing her case.
Rule 4(a)(5) required Whitman to move for an extension of time
within sixty days after the court entered judgment and she failed
to do so.  Even if Whitman's motion was timely, she has not
demonstrated "excusable neglect" under the stringent standard
announced by the Second Circuit.  See Silivanch v. Celebrity
Cruises, Inc., 333 F.3d 355, 367-68 (2d Cir. 2003).  Therefore,
the court finds no reason to reconsider its previous rulings.[3]

---

[2]  To the extent Whitman claims that she did not receive
notice of the 2002 judgment, the court cannot provide relief
under Fed. R. App. P. 4(a)(6) because that rule precludes a
district court from reopening the time to file an appeal after
180 days from the entry of judgment.  See, e.g., Ou-Yang v.
Greiner, No. 97 CV 7132, 2002 WL 1284239, at *1 (E.D.N.Y. June 4,
2002) ("[E]ven if [the] petitioner had argued and shown that he
did not receive notice of entry of judgment, this court could not
grant an extension under [Fed. R. App. P. 4(a)(6) because [t]his
provision establishes an outer time limit of 180 days for a party
who fails to receive timely notice of entry of a judgment to seek
additional time to appeal.") (internal citation omitted).  As the
advisory committee notes on the 2005 amendments make clear, "an
appeal cannot be brought more than 180 days after entry, no
matter what the circumstances."  Here, Whitman filed her motion
more than 180 days after the court entered judgment.  In fact,
she filed her motion approximately three and a half years after
the entry of judgment.

[3]  Whitman continues to take issue with a letter she
received from the Social Security Administration in April 2003,
which states that the Social Security Administration "found that
[Whitman] became disabled under our rules on May 13, 1980."
Despite this statement, the lengthy procedural record indicates
that, in 1990, Judge Dorsey found, in a separate civil action,
that she was not disabled and not entitled to receive disability
insurance benefits.  In any event, the only issue the court will

CONCLUSION

For the foregoing reasons, the court DENIES Whitman's Motion to Recommend [doc. # 37].

SO ORDERED this 14th day of November, 2007 at Bridgeport, Connecticut.

_____/s/_____
Alan H. Nevas
United States District Judge

---

address at this stage is whether Whitman should now be allowed to file an appeal of the court's 2002 decision dismissing her appeal of the 1999 denial of her claim for disability insurance benefits.